152 A.2d 295 (1959)
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a corporation of the State of New York, Plaintiff,
v.
Annabelle EVERETT, Individually and as State Treasurer of the State of Delaware, Defendant.
Court of Chancery of Delaware, New Castle.
June 17, 1959.
*296 William S. Potter and James L. Latchum (of Berl, Potter & Anderson) Wilmington, for plaintiff.
Wilfred J. Smith, Jr., former Deputy Atty. Gen., for defendant.
MARVEL, Vice Chancellor.
Plaintiff, a New York corporation with its principal office in New York, N. Y., engages in the business of transmitting telephone messages[1] not only from state to state throughout the United States but also throughout most of the world in conjunction with its associates in the Bell Telephone System. Part of this business is the transmitting of telephone conversations into, from and through the State of Delaware.
The State Treasurer of Delaware has declined to honor plaintiff's protest that it is not subject to a State tax imposed under the terms of § 4102 of Title 30 Del. C. upon every person "* * * engaged in the telephonic business and owning, leasing, controlling or operating any line or lines of wire in * * *" Delaware, and defendant having threatened to distrain upon plaintiff's property in Delaware, this suit was filed for a judgment to the effect that such tax cannot be validly applied to plaintiff's business and property in Delaware. The complaint alleges that the imposition of such tax in plaintiff's case would burden an essentially interstate business in violation of the Commerce Clause of the Constitution of the United States, art. 1, § 8, cl. 3. Plaintiff contends that the tax sought to be assessed being a privilege rather than a property tax cannot be lawfully imposed on plaintiff's Delaware occupation of transmitting messages in interstate commerce.
Section 4102 of Title 30, Del.C. provides as follows:
"(a) Every individual, association of persons, firm or corporation engaged in the telephonic business and owning, leasing, controlling or operating any line or lines of wire in this State, which such individual, association, firm or corporation, or any other person or party, uses, or is entitled to use, either for the transmission of telephonic messages from any place in another State across any portion of this State to a place in another state, or for the transmission of telephonic messages between any two places wheresoever, shall be subject to taxation for the use of the State, in the manner prescribed in this section.
"(b) Each such individual, association, firm, or corporation, shall annually on the first day of July, pay to the State Treasurer for the use of the State, a tax of 60 cents per mile of wire for the longest wire within this State, a tax of 30 cents per mile of wire for the next longest wire within *297 this State, and 20 cents per mile of wire for each and every other wire within this State, owned, leased, controlled or operated by such individual, association, firm or corporation on the first day of June then last past, and which such individual, association, firm or corporation, or any other person or party, then used or was entitled to use, either for the transmission of telephonic messages from any place in another State across any portion of this State to a place in another State, or for the transmission of telephonic messages between any two places wheresoever; and shall also pay a further tax to the State Treasurer for the use of the State of 25 cents upon each and every telephonic transmitter in this State furnished or rented to any person or party whomsoever by such individual, association, firm or corporation.
"(c) Every individual, association of persons, firm or corporation engaged in the telephonic business and owning, leasing, controlling or operating any line or lines of wire as set forth in this chapter, shall annually on or before the first day of June, make and deliver to the State Treasurer a statement in writing verified by the oath or affirmation of such individual, or of one of the members of such firm, or the president, general manager or treasurer of such association or corporation, showing the total number of telephonic transmitters used in this State on the first day of May then last past and which telephonic transmitters were furnished or rented by said individual, association, firm or corporation, to any person or party for telephonic purposes, and also showing the number of miles of wire owned, leased, controlled or operated by said individual, association, firm, or corporation within this State on the first day of May then last past, which such individual, association, firm or corporation, or any other person or party then used or was entitled to use either for the transmission of telephonic messages, from any place in another State across any portion of this State to a place in another State, or for the transmission of telephonic messages between any two places wheresoever, and designating the length and location of the longest and of each and every other wire."
Defendant acknowledges that plaintiff's business in Delaware is essentially that of transmitting messages in interstate commerce and concedes that if the tax in question is in fact a privilege tax assessed against the operation of plaintiff's Delaware business, namely that of relaying telephone conversations into and out of as well as through Delaware, and not a property tax, it may not be lawfully collected from plaintiff. Both parties have moved for summary judgment.
Plaintiff is the parent corporation in a national system of associated operating companies, which local companies individually own and operate intrastate telephone systems within their respective territorial limits. In Delaware, such an intrastate business is carried on by an associated company known as the Diamond State Telephone Company. Plaintiff also owns or controls a number of other companies which either manufacture or own materials used in the telephone business, one of which companies is plaintiff's wholely owned subsidiary, American Telephone and Telegraph Company of Delaware, which owns practically all of the lines used by plaintiff within Delaware. This Delaware corporation has no income. However, its property in Delaware is assessed and taxed under applicable property taxes, including those of municipal corporations, which taxes, as well as such corporation's other obligations, are paid by plaintiff.
Plaintiff itself on the other hand maintains no office in Delaware, has no officers or employees regularly on duty in *298 the State, has not qualified to do business within the State, and does none[2] except that of sending messages into the State and carrying messages out of the State or through the State to their ultimate destination elsewhere. Plaintiff's rates are regulated by the Federal Communications Commission, and no regulatory or judicial authority of Delaware has been concerned with such rates. When a telephone message originates or terminates in Delaware, the Diamond State Telephone Company receives or delivers the call, plaintiff merely furnishing the means for carrying such message from or into the State.
In the light of these facts, which are not disputed by defendant, the matter to be decided is whether or not the tax in question partakes of the nature of a property tax or the like. If not, such tax not being based on an acceptable income formula, Northwestern States Portland Cement Company v. State of Minnesota, 355 U.S. 911, 78 S.Ct. 341, 2 L.Ed.2d 272, or some other constitutionally recognized state taxing device, Interstate Oil Pipe Line Co. v. Stone, 337 U.S. 662, 69 S.Ct. 1264, 93 L.Ed. 1613, Memphis Natural Gas Co. v. Stone, 335 U.S. 80, 68 S.Ct. 1475, 92 L.Ed. 1832, Interstate Natural Gas Co. v. Stone, 308 U.S. 522, 60 S.Ct. 292, 84 L.Ed. 442 and Southern Natural Gas Corp. v. State of Alabama, 301 U.S. 148, 57 S.Ct. 696, 81 L.Ed. 970, must necessarily be classified as a privilege tax not applicable to plaintiff's occupation in Delaware, Cooney v. Mountain States Telephone & Telegraph Co., 294 U.S. 384, 55 S.Ct. 477, 79 L.Ed. 934.
While defendant concedes that the tax in question is not applicable to plaintiff unless it is a property tax, it must be noted that substantial tax inroads by the states into the intrastate ownership and activities of what had once been considered interstate businesses protected by the Commerce clause have been countenanced where such taxes are designed so as to overcome the objection that they compel a taxpayer to pay for the privilege of engaging in interstate commerce, Northwestern States Portland Cement Co. v. State of Minnesota, supra, and Railway Express Agency v. Commonwealth of Virginia, 356 U.S. 929, 78 S.Ct. 772, 2 L.Ed.2d 760. In my opinion, however, this is not such a case, the statute here under attack not adapting itself to any of the recently devised state tax schemes for levying taxes from persons doing an interstate business which have met the approval of the Supreme Court (compare Railway Express Agency v. Commonwealth of Virginia, 347 U.S. 359, 74 S.Ct. 558, 98 L.Ed. 337) which is understandable in view of the fact that the essential provisions of the statute date from 1909.
While the tax here at issue is not denominated a license or occupation tax in the statute itself as was the case in Cooney v. Mountain States Telephone & Telegraph Co., supra, the original act laying this particular tax, namely § 1, Chap. 460 Vol. 18, Laws of Delaware, adopted April 18, 1889, is entitled, "An Act taxing Telegraph Companies doing business in this State." Later the taxing of telephone companies under this act was eliminated, and an act specifically imposing a tax on telephone companies was adopted in 1909 (Chap. 6, Vol. 25, Laws of Delaware), such act being entitled, "An Act in Relation to the Taxation of Those Engaged In a Telephonic Business In This State", the first two sections of present § 4102 being taken verbatim from such 1909 act.
The titling of these acts would appear to disclose a legislative intent stemming from the original act of 1889 to levy a tax against persons engaged in the telephone business in Delaware without distinction as to the interstate as opposed to the intrastate aspects of such a business rather than to impose a tax on properties *299 used in carrying on such a business. Furthermore, inasmuch as the provisions governing taxation of real property in Delaware contemplate taxation of such property by the counties or other political subdivisions of the State rather than by the State itself, it would seem to follow that the tax here in issue regardless of labels and the relation of wire mileage to the incidence of the tax, necessarily falls into the category of an occupation tax, analogous in essential respects to the license fee or privilege tax considered by the Supreme Court of Delaware in New York, Philadelphia, Norfolk Telegraph Co. v. Dolan, 2 W.W.Harr. 184, 121 A. 18.
As I read Chapter 81 of Title 9 Del.C., the taxation of real property,[3] including "* * * poles or wires maintained thereon other than for enclosing lands * * *" is the prerogative of the counties or other political subdivisions of the State rather than of the State itself although such prerogative was not properly taken advantage of in New York, Philadelphia and Norfolk Telegraph Co. v. Dolan, supra. In short, the laws of Delaware provide for the taxation of real property by the counties and other political subdivisions of the State, except as otherwise provided in Chapter 81, and there is no general statutory provision for the taxation of property by the State itself. While the Constitutional provisions governing taxation, namely Article VIII, Section 1, Delaware Constitution, Del.C.Ann., merely provide that "* * * All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws * * *.", and while a State Tax on property, if uniform and otherwise constitutional, could presumably be enacted, Title 30 of Del.C., which is a compilation of the various statutes levying taxes for the State, contains no property taxes as such, the taxes there compiled being designed to raise revenue from income, inheritances, the sale of certain commodities and the carrying on of various trades and occupations.
Finally, assuming that the Legislature might properly enact a property tax for the benefit of the State, I am nonetheless satisfied that the incidence of the tax here clearly demonstrates that a privilege rather than a property tax was intended, Spector Motor Service Inc. v. O'Connor, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573. The device of fixing a taxing day for the computation of the mileage of plaintiff's wires within Delaware without regard to the number of strands in such wires or their value is essentially the type of formula deemed a privilege tax in Cooney v. Mountain States Telephone & Telegraph Co., supra,[4] although admittedly in that case the statute, while markedly similar to the one in the case at bar, termed itself a license tax. However, the name given to a tax is not the controlling factor in determining its nature, a property tax being one clearly and directly on property while an occupation tax is imposed on the voluntary action of the person taxed in performing the act or occupation in question, 1 Cooley on Taxation, (4th Ed.) p. 132.
Here the tax clearly does not fall directly upon plaintiff's lines of wires or transmitters as such but is rather imposed on the occupation of being engaged in the telephone business, whether as owner, lessee or otherwise with no discrimination being made between intrastate and interstate business. Having determined that the tax being indivisible places an unconstitutional burden on plaintiff's interstate business, summary judgment will be entered for plaintiff. Defendant's counterclaim for taxes allegedly due will be dismissed and its motion for summary judgment denied.
Order on notice.
NOTES
[1] Plaintiff also furnishes interstate teletypewriter and other private line services which connect points in Delaware with points in other states, but none of these services provide intrastate communication within Delaware.
[2] In case of emergency, however, facilities controlled by plaintiff in Delaware are made available to the Diamond State Telephone Company and vice versa.
[3] Section 8102 of Title 9 exempts personal property from taxation by a county or other political subdivision of the State.
[4] This similarity extends to a taxing of each telephonic transmitter.